UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Richard A. Hilton, Sr.

    v.                                  Civil No. 09-cv-086-SM

Larry Blaisdell, Warden,
Northern New Hampshire
Correctional Facility

**REPORT AND RECOMMENDATION**

On March 11, 2009, Richard Hilton filed a pleading entitled "Motion to Appeal" and "Motion this Honorable Court to Order the New Hampshire Supreme Court to Mail a Copy of All the Petitioner's Pleadings and the Court's Answers" (document no. 1). The pleading was, in fact, a petition for a writ of habeas corpus, filed pursuant to the authority of 28 U.S.C. § 2254, as it purported to be a challenge to the validity of Hilton's conviction and sentence.[1]  See 28 U.S.C. § 2254(a) (granting the federal district courts authority to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that

---

[1] The pleading purports to bring this action pursuant to 28 U.S.C. § 2241, but is more appropriately construed under § 2254.

he is in custody in violation of the Constitution or laws or treaties of the United States").  The petition was referred to me for preliminary review to determine whether it was facially valid and could proceed.  <u>See</u> Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts ("§ 2254 Rules") (requiring court to conduct preliminary review of habeas petition to determine facial validity before ordering respondent to answer); United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing Magistrate Judge to conduct preliminary review of actions filed by individuals proceeding pro se).

On April 10, 2009, before the preliminary review was conducted, Hilton filed a motion seeking a stay of this matter, indicating that he had an additional issue he wished to pursue regarding his sentence, and that he intended to return to the state courts to obtain the materials necessary to pursue that claim (document no. 8).  This Court granted the motion and ordered Hilton to file periodic status reports to keep this Court apprised of the status of his state court proceedings.  Hilton filed status reports as directed (document nos. 11 & 12).[2]

---

[2]On November 13, 2009, Hilton filed a pleading entitled "Answer" (document no. 15) that purports to seek injunctive

On November 20, 2009, this Court ordered Hilton to show cause why the case should not be reviewed at this time, as it appeared that Hilton was only seeking discovery in the state courts, and had not yet taken action to substantively exhaust any legal challenge to his conviction or sentence so that he might present them to this Court for consideration (document no. 16). Hilton has not responded to the show cause order. Accordingly, the Court will undertake preliminary review at this time. See § 2254 Rule 4; LR 4.3(d)(2).

## Standard of Review

Under this Court's local rules, when an incarcerated person commences an action pro se and in forma pauperis, the Magistrate Judge conducts a preliminary review. LR 4.3(d)(2). In conducting the preliminary review, the Court construes all of the factual assertions in the pro se pleadings liberally, however

---

relief regarding the prison's handling of outgoing legal mail. This pleading is most appropriately construed as a supplemental status report rather than a motion for injunctive relief. If Hilton seeks to complain in this Court about the conditions of his confinement, he must do so by filing a separate civil rights action pursuant to 42 U.S.C. § 1983, rather than attempting to add those claims to his habeas petition. See White v. Gittens, 121 F.3d 803, 807 n.3 (1st Cir. 1997) (civil rights action is the proper means to challenge the conditions of confinement); Heck v. Humphrey, 512 U.S. 477, 481 (1994) (federal habeas petition is the appropriate means to challenge the actual fact or duration of confinement).

inartfully pleaded.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pro se pleadings liberally in favor of the pro se party).  "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); see also Castro v. United States, 540 U.S. 375, 381 (2003) (courts may construe pro se pleadings to avoid inappropriately stringent rules and unnecessary dismissals).  This review ensures that pro se pleadings are given fair and meaningful consideration.

To determine if a pro se complaint states any claim upon which relief could be granted, the Court must consider whether the complaint, construed liberally, Erickson, 551 U.S. at 94, "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for

the misconduct alleged." Id. Inferences reasonably drawn from the plaintiff's factual allegations must be accepted as true, but the Court is not bound to credit legal conclusions, labels, or naked assertions, "devoid of 'further factual enhancement.'" Id. (citation omitted). Determining if a complaint sufficiently states such a claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950 (citation omitted).

## Background

On December 6, 1996, Hilton was arrested and charged with twenty-two counts of aggravated felonious sexual assault, crimes he says he did not commit. On February 12, 1998, Hilton was sentenced in the Superior Court, following his guilty plea. Hilton alleges that his attorney told him that if he pleaded guilty, he would receive a sentence of 3 ½ - 7 years, and that if he was convicted after a trial, he faced 99 years of incarceration. Hilton, despite his belief that he was innocent of the charges, agreed to plead guilty in exchange for a negotiated 3 ½ - 7 year sentence.

In August 1998, Hilton asked his attorney for a copy of his file as he claims he was "never settled in his mind about

pleading guilty to something he never did." When the files arrived, other inmates stole them from Hilton and hung pages of the file up on the wall, which informed the entire inmate population that Hilton had been convicted of sexually assaulting a child. As a result, Hilton was no longer safe in the New Hampshire State Prison for Men in Concord and was transferred to the Northern New Hampshire Correctional Facility ("NCF").

After he arrived at NCF, Hilton requested another copy of his file from his attorney. When the second copy arrived Hilton learned that he had received a 10-30 year sentence in addition to the 3 ½ - 7 year sentence. Hilton states he was not previously aware that his sentence exceeded 3 ½ - 7 years.[3] Upon reviewing the discovery, Hilton alleges that he learned for the first time that the evidence against him contained "several false statements."

On July 2, 2008, Hilton filed a petition for a writ of habeas corpus in the Coos County Superior Court. Hilton's

---

[3]The petition does not state when Hilton received the second copy of his file. I presume, however, that it was prior to January 1, 2004, because according to the dates in the pleadings filed by Hilton, he would have completely served seven years in prison by, at the latest, January 1, 2004. When he was not released by that date, he would then have known that his sentence exceeded 3 ½ - 7 years.

petition here does not state what claims were raised in that petition. On October 23, 2008, the Superior Court denied Hilton's habeas petition. On November 18, 2008, Hilton filed an appeal in the New Hampshire Supreme Court ("NHSC"). Hilton's petition does not state what claims were raised in that appeal. The NHSC declined Hilton's appeal on February 27, 2009. This petition followed.

While not explicitly stated in the petition, it appears that Hilton intends, in his federal habeas action, to challenge his guilty plea and negotiated sentence on the basis that he did not enter into the plea agreement or the plea knowingly, voluntarily and intelligently, and therefore his conviction and sentence pursuant to that plea violate his Fourteenth Amendment due process rights.

## Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244, et seq., sets a one-year limitations period for federal habeas petitions by state prisoners. See 28 U.S.C. § 2244(d)(1). AEDPA's one-year limit runs from the time that the state court judgment of conviction became final by the

conclusion of direct review or the expiration of the time for seeking direct review.  28 U.S.C. § 2244(d)(1)(A).

Hilton's conviction became final on March 14, 1998, thirty days after his February 12, 1998 conviction and sentence was entered, as that was the date Hilton's time to file a direct appeal of his conviction expired.  In the ordinary course of events, therefore, Hilton's statutory limitations period for filing a timely habeas petition in this Court would have expired on March 14, 1999.

Certain statutory exceptions to the statute of limitations exist where the untimely filing was caused by state-impeded relief, new constitutional rights created by the Supreme Court, or newly discovered facts underpinning the claim.  See David v. Hall, 318 F.3d 343, 344 (1st Ci. 2003); 28 U.S.C. § 2244(d)(1)(B)-(D).  AEDPA excludes from the one-year limitations period "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ."  28 U.S.C. § 2244(d)(2).

While the limitations period is stopped during the pendency of properly filed post-conviction state court litigation, it is

not reset or restarted by post-conviction litigation initiated <u>after</u> the AEDPA limitations period has expired. See <u>Cordle v. Guarino</u>, 428 F.3d 46, 48 n.4 (1st Cir. 2005) (post-conviction state court litigation filed after AEDPA's limitations expire does not stop or reset the clock). Based on the information presently before the Court, it appears, therefore, that the limitations period during which Hilton could have filed a timely federal habeas petition expired on March 14, 1999. There is no indication in the current record that Hilton raised any state court challenge to his conviction and sentence until July 2, 2008, more than nine years after the expiration of the limitations period.

The instant petition was filed on March 11, 2009, just shy of ten years after the limitations period expired. Hilton's post-conviction state court litigation, initiated in 2008, did not reset or restart that previously expired period and does not, therefore, render this action timely. Nothing in the record suggests that Hilton filed other state court post-conviction challenges to his conviction and sentence prior to July 2008.

Although equitable tolling of the AEDPA's limitations period might be available under certain circumstances, it "'is the

exception rather than the rule; resort to its prophylaxis is deemed justified only in extraordinary circumstances.'" <u>Trapp v. Spencer</u>, 479 F.3d 53, 59 (1st Cir. 2007) (internal citation omitted); <u>see</u> <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005) (generally petitioner must establish that extraordinary circumstances prevented timely filing to warrant equitable tolling). Hilton's petition includes neither any specific argument supporting equitable tolling of this matter nor any facts which allow me to infer that equitable tolling might be appropriate in this case.

<u>Conclusion</u>

For the foregoing reasons, I recommend that Hilton's petition be dismissed as untimely. Any objections to this report and recommendation must be filed within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order. <u>See</u> <u>Unauth. Practice of Law Comm. v. Gordon</u>, 979 F.2d 11,

13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date:     January 21, 2010

cc:       Richard A. Hilton, Sr., pro se


JM:jba